IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA L. DUBRUZZO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-1636 |
| | ) | Judge Fischer |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| GERI GILLMAN and | ) | |
| SUZIE MORRISSEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND OPINION**

Pamela DuBruzzo has submitted a Complaint (Doc. 2) seeking monetary damages, moving expenses and a moving van from Defendants, who appear to be tenants in the same apartment building as Plaintiff. She also seeks a restraining order or a "peace bond" to restore the quiet enjoyment of her rental property (Doc. 4). Plaintiff has been granted leave to proceed *in forma pauperis*. Plaintiff alleges she has been harassed, stalked and subjected to various other indignities by Defendants. What Plaintiff does not allege, however, is a basis for this Court to exercise jurisdiction.

A. **Applicable Standard**

Congress has mandated that the court review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. See Newsome v. Equal Employment Opportunity Commission, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under

§ 1915(e)(2)(B)(i) and (ii)); Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-206 (2nd Cir.2002)(affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).

In determining whether Plaintiff has stated a claim, the familiar standard applicable pursuant to Federal Rule of Civil Procedure 12(b)(6) applies, i.e., the Complaint should be dismissed if, read in the light most favorable to the Plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009).

**B.     Analysis.**

The district courts of the United States are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." Exxon Mobil Corp. v. Allapattah Services, 545 U.S. 546, 552 (2005), quoting Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 377 (1994). Therefore, in order to invoke this Court's jurisdiction, a Plaintiff must identify a federal statute permitting a claim to be brought in federal court.

Plaintiff references a "civil right[s] action" in her complaint. For a constitutional violation to be actionable under 42 U.S.C. § 1983, Plaintiff must plead: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, she was deprived of rights, privileges or immunities secured by the Constitution or laws of the

United States.  West v. Atkins, 487 U.S. 42 (1988).  Plaintiff alleges that her neighbors have been harassing and stalking her, and otherwise disrupting the quiet enjoyment of her property.  Plaintiff does not allege state action and, hence, has not set forth a colorable civil rights claim.  See, Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir.1996) ("Individuals ... have no right to be free from infliction of harm by private actors").

The only other possible basis for federal jurisdiction in this case would be diversity of citizenship pursuant to 28 U.S.C. § 1332.  That statute, however, requires that no Defendant be a resident of the same state as the Plaintiff.  Here, Plaintiff and Defendants are residents of the same apartment complex.  Thus, Plaintiff's claims cannot be brought in this Court on the basis of diversity of citizenship.

AND NOW, this 17th day of December, 2009,

IT IS HEREBY ORDERED that the instant Complaint be DISMISSED for lack of jurisdiction, and that Plaintiff's Motion for Temporary Restraining Order (Doc. 4) be DENIED.  The Clerk is directed to mark this case CLOSED.

    s/Nora Barry Fischer
    NORA BARRY FISCHER
    UNITED STATES DISTRICT JUDGE

cc:
PAMELA L. DUBRUZZO
200 Dell Avenue
Pittsburgh, PA 15216